■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOORE, Appellant. [740 NYS2d 201] —Judgment, Supreme Court, New York County (Bonnie Wittner, J., at hearing; Marcy Kahn, J., at jury trial and sentence), rendered May 15, 2000, convicting defendant of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and judgment, same court (John Cataldo, J.), rendered May 24, 2000, convicting defendant, upon his plea of guilty, of violation of probation, and sentencing him to a concurrent term of 1 to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The only rational inference that can be drawn from the hearing testimony is that members of the field team in the buy and bust operation who initially detained defendant did so in response to the radio transmissions of the observing officer and the sergeant (*see, People v Cole,* 290 AD2d 398; *People v Jones,* 289 AD2d 136; *People v Coleman,* 288 AD2d 49). Accordingly, probable cause existed for defendant's arrest.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including those raised by minor inconsistencies in testimony, were properly considered by the trier of facts and there is no basis upon which to disturb its determinations (*see, People v Gaimari,* 176 NY 84, 94). The evidence established that the trained and experienced narcotics officer had an ample opportunity to observe the drug transaction.

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.